# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALPHONSO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 18-1205-CFC |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| FREE STREAM MEDIA CORP | ) |
| d/b/a Samba TV, | ) |
| | ) |
| Defendant. | ) |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Scheduling Order (D.I. 83), the parties respectfully submit the attached Joint Claim Construction Chart, addressing the parties' respective claim construction positions concerning U.S. Patent No. 8,677,384 ("the '384 patent"). The parties seek construction of four terms from the '384 patent.

The parties agree that any terms in the asserted claims of the '384 patent that does not appear in the following claim construction chart should be given their respective plain and ordinary meanings as understood by a person of ordinary skill in the art in light of the specification of the '384 patent, and thus does not require construction by the Court. The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during the claim construction briefing. The

parties further reserve the right to rely on any intrinsic evidence identified by the other party.

The parties intend to rely on the '384 patent, its specification, the claims of the '384 patent, U.S. Patent No. 6,718,55 (which is cited in the '384 Patent), the file history of the '384 patent and arguments made to the Patent Trial and Appeals Board in conjunction with a Petition for *Inter Partes* Review of the '384 patent. Any citation to intrinsic evidence provided by the parties in support of their proposed claim constructions is intended as exemplary. Any additional evidence or reference within or encompassed by a particular citation is deemed incorporated by reference (e.g., cited passages are intended to include all figures and tables referenced therein). The parties also reserve the right to rely on extrinsic evidence and/or expert declaration or testimony in support of their proposed constructions or to rebut the other party's arguments and/or any expert declaration or testimony submitted by the other party.

Defendant contends that term Number 4 in the Joint Claim Construction Chart ("concurrently forwarding") is indefinite under 35 U.S.C. 112, paragraph 2 (pre-AIA); Plaintiff disputes that contention. In light of the Court's practice to not address indefiniteness as part of the claim construction proceedings, the parties do not plan to address the merits of any indefiniteness arguments as part of these

claim construction proceedings. Plaintiffs reserve the right to challenge claim terms as indefinite at the appropriate time.

      A copy of the '384 patent is attached hereto as Exhibit A.

| No. | Claim Term | Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| 1. | "sending a request for an advertisement in an advertisement insertion slot" | 17, 20 | Plaintiff does not believe the claim language requires any independent construction, and can be accorded its plain and ordinary meaning as understood by a of ordinary skill in the art in light of person the specification of the '384 patent.<br><br>Plaintiff reserves its right to propose a further construction explaining what is the plain meaning if warranted by the | '384 patent Abstract; 2:22-45; 2:48-56; 3:44-52; 3:66-4:14; 4:65-5:12; 5:15-38; 5:58-6:11; 6:19-30; 7:51-8:4; 8:39-40; 8:62-9:9; FIGs. 1, 3, 4; claim 1.<br><br>Prosecution history of the '384 patent, including the October 24, 2013 Notice of Allowance, including the Examiner's Amendment and Statement for Allowance. | "sending a request from the same device that received and forwarded the channel change and non-channel change commands for an advertisement in an advertisement insertion slot"<br><br>Defendant contends that Plaintiff has waived any ability to propose a "further construction" of this term, having failed to disclose a construction or explain what the | 384 Patent, Claims 17, 20; Figs. 1, 3; 9:10-23<br><br>U.S. Patent No. 6,718,551, Figs. 2, 3, 5; 9:17-43, 10:20-33, 11:34-57, 12:61-13:8. |

| No. | Claim Term | Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | briefing or by request of the Court. | Petition in IPR2019-00762, at 15-16. | plain meaning of the term is. | |
| 2. | "whereby local storage of the command at the viewer appliance is eliminated" | 1, 17, and 21 | Plaintiff does not believe the claim language requires any independent construction, and can be accorded its plain and ordinary meaning as understood by a of ordinary skill in the art in light of person the specification of the '384 patent.

Plaintiff reserves its right to propose a further construction | '384 patent at Abstract; 3:44-52; 4:12-14; 5:15-28; 6:9-11; 7:58-64; 8:39-40; 8:51-8:58; 8:62-9:9; FIGs. 1, 2 4.

Prosecution history of the '384 patent, including the October 24, 2013 Notice of Allowance, including the Examiner's Amendment and Statement for Allowance. | "whereby the command is not stored locally at the viewer appliance"

Defendant contends that Plaintiff has waived any ability to propose a "further construction" of this term, having failed to disclose a construction or explain what the plain meaning of the term is. | 384 Patent, Claims 1, 17, 20; Figs. 1-4; Abstract, 1:49-53, 2:57-3:10, 3:11-33, 3:66-4:11, 5:24-38, 5:58-6:8, 6:19-30, 7:60-65, 8:5-61. |

5

| No. | Claim Term | Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | explaining what is the plain meaning if warranted by the briefing or by request of the Court. | Petition in IPR2019-00762, at 15-16. | | |
| 3. | "demographic profiling" | 1, 17 and 20 | Plaintiff does not believe the claim language requires any independent construction, and can be accorded its plain and ordinary meaning as understood by a of ordinary skill in the art in light of person the specification of the '384 patent. | '384 patent at Abstract;  1:49-53;  1:62-67; 2:22-31;  2:48-56; 3;44-52;  4;12-14;  5:47-57;  6:9-11;  7:45-50; 8:5-23;  8:39-61; 9:10-23;  FIGs. 1, 2, 4.

Serial No. 09/467,889 (now U.S. Patent No. 6,718,551 | "determining characteristics of the viewer based on both channel change and non-channel change commands, which are used to select advertisements"

Defendant contends that Plaintiff has waived any ability to propose a "further | '384 Patent, Claims 1, 17, 20; Figs. 1-4;2:22-31, 5:39-57, 8:5-22, 9:10-23.

U.S. Patent No. 6,718,551, Figs. 1, 2; 3:65-4:14, 4:66-5:21, 6:7-25, 7:30-8:2, 8:4-14, 8:14-9:16. |

| No. | Claim Term | Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | Plaintiff reserves its right to propose a further construction explaining what is the plain meaning if warranted by the briefing or by request of the Court. | Prosecution history of the '384 patent, including the October 24, 2013 Notice of Allowance, including the Examiner's Amendment and Statement for Allowance.<br><br>Petition in IPR2019-00762, at 15-16. | construction" of this term, having failed to disclose a construction or explain what the plain meaning of the term is. | |
| 4. | "concurrently forwarding" | 1. 17 and 20 | Plaintiff does not believe the claim language requires any independent construction, and can be accorded its plain and | | Indefinite under 35 U.S.C. § 112, second paragraph (pre-AIA). | |

| No. | Claim Term | Claims | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | ordinary meaning as understood by a of ordinary skill in the art in light of person the specification of the '384 patent. | | | |

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ Bindu A. Palapura*
   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Alan R. Silverstein (#5066)
   Joseph D. Farris (#6657)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel:  (302) 984-6000
   dmoore@potteranderson.com
   bpalapura@potteranderson.com
   asilverstein@potteranderson.com
   jfarris@potteranderson.com

*Attorneys for Plaintiff Alphonso Inc.*

OF COUNSEL:

Neel Chatterjee
Sanjeet K. Dutta
Monte M.F. Cooper
Andrew Ong
Elizabeth J. Low
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel.:  (650) 752-3100

Patrick J. McCarthy
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
Tel: (202) 346-4000

Dated:  May 21, 2021
7207662 / 45294

RICHARDS, LAYTON & FINGER, P.A.

By: */s/ Kelly E. Farnan*
   Kelly E. Farnan (#4395)
   One Rodney Square
   920 North King Street
   Wilmington, DE 19801
   Tel:  (302) 651-7705
   farnan@rlf.com

*Attorneys for Defendant Free Stream Media Corp d/b/a Samba TV*

OF COUNSEL:

Matthew D. Powers
William P. Nelson
Jennifer K. Robinson
Natasha M. Saputo
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Tel:  (650) 802-6000

9